IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

HARISH C. DEVI,

        Plaintiff,

  v.

OREGON DEPARTMENT OF
CORRECTIONS,

        Defendant.

Case No. 6:12-cv-00841-AA
OPINION AND ORDER

Loren W. Collins
Stebbins & Coffey
745 California Street
P.O. Box 1006
North Bend, Oregon 97459
    Attorney for plaintiff

Ellen F. Rosenblum
Steven M. Lippold
Oregon Department of Justice
1162 Court Street N.E.
Salem, Oregon 97301
    Attorneys for defendant

Page 1 - OPINION AND ORDER

AIKEN, Chief Judge:

Plaintiff Harish Devi moves for leave to file a second amended complaint against defendant the Oregon Department of Corrections pursuant to Fed. R. Civ. P. 15. For the reasons set forth below, plaintiff's motion is denied.

## BACKGROUND

In 1995, plaintiff, who was born in Fiji and is of Hindu religion and descent, began working as a correctional officer at defendant's Shutter Creek Correctional Institution ("SCCI"). In 2007, plaintiff applied for a vacant sergeant position at SCCI but eventually withdrew his name because of concerns regarding shift changes associated with that promotion.

In June 2011, plaintiff again applied for one of three sergeant openings at SCCI. Thirty-two candidates, including plaintiff, were referred for the position from defendant's recruitment unit, all of whom were offered first-round interviews. Plaintiff performed well during his first interview and was advanced in the hiring process. In July 2011, plaintiff participated in the second and final round of interviews in front of four institutional panelists. Based on their interview notes regarding the candidate's performances, the panelists completed ten "Interview After Action Reports" and ranked the candidates accordingly. Plaintiff was ranked fifth, seventh, eighth, and tenth. Ultimately, the three most highly ranked candidates, all of whom are Caucasian, were offered promotions; in fact, each officer that obtained the position of sergeant was ranked within the top

Page 2 - OPINION AND ORDER

four by each panelist.

In October 2011, plaintiff filed a charge with the federal Equal Employment Opportunity Commission premised on his failure to be promoted. In February 2012, the U.S. Department of Justice issued plaintiff a "Right to Sue" letter. On May 11, 2012, plaintiff filed a complaint in this Court, alleging discrimination and retaliation claims under Title VII relating to the 2011 sergeant promotion process. On June 28, 2012, the Court entered a scheduling order, pursuant to Fed. R. Civ. P. 16, which, in relevant part, set August 31, 2012 as the deadline to amend or supplement the pleadings. At some unspecified time in 2012, plaintiff applied for one of two sergeant openings at SCCI; he was not selected for either position.

On January 14, 2013, the parties filed a joint status report, stipulating that discovery was completed and that any dispositive motions would be filed by January 31, 2013. On January 16, 2013, defendant moved for summary judgment. On January 22, 2013, with leave from the Court, plaintiff filed his first amended complaint; the amendments did not materially alter the nature of his claims and therefore did not affect the parties' summary judgment proceedings. On July 9, 2013, this Court granted summary judgment in favor of defendant on plaintiff's retaliation claim but denied its motion in all other respects. In August 2013, plaintiff filed another charge with the federal Equal Employment Opportunity Commission premised on his failure to be promoted in 2012. On September 10, 2013, plaintiff filed the present motion; thereafter,

Page 3 - OPINION AND ORDER

the parties attempted to judicially settle this case, but were unable to reach a resolution.

## STANDARDS

Where a party seeks to amend the complaint after the date specified in a scheduling order, he or she "must first [comply with] Rule 16(b), then . . . must demonstrate that amendment was proper under Rule 15." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992) (citations and internal quotations omitted). Under Fed. R. Civ. P. 16, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The good cause inquiry "primarily considers the diligence of the party seeking the amendment." Johnson, 975 F.2d at 609. Thus, the "court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension." Id. (citations and internal quotations omitted).

Pursuant to Fed. R. Civ. P. 15, leave to amend pleadings "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Courts apply Fed. R. Civ. P. 15 with "extreme liberality." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003) (citations omitted). In determining whether a motion to amend should be granted under this rule, the court generally considers four factors: (1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party. Forsyth v. Humana, Inc., 114 F.3d 1467, 1482 (9th Cir. 1997) (citation omitted). These factors are not weighted equally:

prejudice, alone, can justify the denial of a motion to amend. See Eminence Capital, 316 F.3d at 1052 ("consideration of prejudice to the opposing party carries the greatest weight").

## DISCUSSION

Plaintiff's second motion to amend was filed over one year after the pleadings deadline, nearly nine months after dispositive motions were due, and approximately two months after this Court issued its summary judgment decision. In his proposed second amended complaint ("PSAC"), plaintiff seeks to: (1) omit the retaliation claim that was previously dismissed; (2) "broaden the scope of the race and national origin discrimination claim . . . to encompass the 2012 sergeant promotion process"; and (3) add new retaliation and hostile work environment claims "relating to the 2012 sergeant promotion process." Pl.'s Mot. Am. 1-2.

Defendant opposes the proposed amendments for two reasons. First, defendant argues that plaintiff cannot "meet the 'good cause' requirements for modifying the scheduling order under Rule 16." Def.'s Resp. to Mot. Am. 1. Second, defendant asserts that "allowing the proposed amendment would be highly prejudicial [because] the deadline for discovery and the filing of dispositive motions has expired." Id. at 1-2, 6. Essentially, because "plaintiff has long been aware of the facts underlying his motion for leave to amend" and, further, "could have . . . brought [the proposed amendments] within the First Amended Complaint he filed [in January 2013]," defendant contends that plaintiff's motion should be denied. Id. at 2-3.

Page 5 - OPINION AND ORDER

In his reply, plaintiff does not directly respond to defendant's arguments but admits that "the facts surrounding Defendant's failure to promote Plaintiff to sergeant in 2012 . . . have been known for some time." Pl.'s Reply to Mot. Am. 1. Plaintiff also acknowledges the proposed claims "arise from different factual settings" and that "this amendment would necessitate a reopening of discovery." Id. at 2. Nonetheless, plaintiff argues that he should be allowed to file the PSAC because his hostile work environment claim is "based on actions and comments that occurred in 2012 and 2013 [and] are not remote in time." Id. Additionally, according to plaintiff, the proposed amendments are related to the underlying claims, such that the principles of judicial efficiency and economy would be served by granting his motion.

I. Amendment Under Fed. R. Civ. P. 16

Concerning his discrimination and retaliation allegations related to the 2012 sergeant promotion process, plaintiff's concession that he has been aware of these claims for "some time" and, certainly, prior to filing his most recent complaint, without any further explanation, is sufficient to establish a lack of diligence. See In re Western States Wholesale Natural Gas Antitrust Litig., 715 F.3d 716, 737 (9th Cir. 2013) ("[t]he good cause standard typically will not be met where the party seeking to modify the scheduling order has been aware of the facts and theories supporting amendment since the inception of the action").

Regarding his hostile work environment claim, the PSAC does

not contain any well-pleaded allegations pertaining to circumstances that transpired after the 2012 sergeant promotion process. In fact, the only reference to 2013 and, for that matter, an allegedly hostile work environment, is as follows: "[d]uring 2012 and 2013 Plaintiff has been subject to a hostile work environment in that Plaintiff has been subjected to jokes and comments of a disparaging nature with respect to minorities." PSAC ¶ 10; see also id. at ¶ 24 ("[p]laintiff was subjected to a hostile work environment as described hereinabove," referring to defendant's allegedly discriminatory 2011 and 2012 promotion practices). Plaintiff's hostile work environment claim is therefore vague, conclusory, and devoid of the requisite factual support; as a result, there is no indication that this claim arose out of circumstances that took place after 2012. See Starr v. Bacca, 652 F.3d 1202, 1216 (9th Cir. 2011), cert. denied, 132 S.Ct. 2101 (2012) (to state a plausible claim for relief, the complaint "must contain sufficient allegations of underlying facts" to support its legal conclusions); see also Shepard v. City of Portland, 829 F.Supp.2d 940, 955-56 (D.Or. 2011) (discussing the requirements of a hostile work environment claim).

Plaintiff nonetheless implies that such facts are unavailable to him, except through discovery, which has not yet commenced as to this issue. See Pl.'s Reply to Mot. Am. 2 ("[d]iscovery will show some of the comments that are integral to the hostile work environment claim occurred in mid-2013, only a short time before the current motion was filed"). Yet, at the time the PSAC was

Page 7 - OPINION AND ORDER

filed, plaintiff had knowledge of the facts surrounding this claim because the allegedly disparaging jokes and comments were made to him, such that there is no excuse for plaintiff's failure to include them in his proposed pleadings. See, e.g., Bojorquez v. Wells Frago Bank, NA, 2013 WL 6055258, *2-4 (D.Or. Nov. 7, 2013) (plaintiffs could not overcome a Fed. R. Civ. P. 12(b)(6) motion based on evidence obtained through discovery where the allegedly "new facts are each things that plaintiffs would have known at the time of their original complaint, as they are things that were allegedly done by or said to plaintiffs") (citation and internal quotations omitted).

Accordingly, neither the PSAC nor plaintiff's briefs provide any factual allegations from which this Court could infer that good cause exists. See Johnson, 975 F.2d at 609 ("carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief") (citations omitted); see also Blundell v. Cnty. of L.A., 467 Fed.Appx. 595, 597 (9th Cir. 2012) ("Blundell's contention that his prior counsel failed to conduct adequate discovery, serve all defendants, and amend the pleadings is inconsistent with a showing of diligence") (citation omitted). In addition, the Court notes that plaintiff sought leave to file a second amended complaint pursuant to Fed. R. Civ. P. 15, as opposed to modification of the Court's scheduling order under Fed. R. Civ. P. 16. See, e.g., Atwell v. City of Surprise, 440 Fed.Appx. 585, 586 (9th Cir. 2011) (denying a motion to amend under analogous circumstances because the plaintiff "should have requested a

modification of the district court's scheduling order before he requested leave to file a Second Amended Complaint") (citing Johnson, 975 F.2d at 608-09). For these reasons, plaintiff's motion is denied.

II. Amendment Under Fed. R. Civ. P. 15

Prejudice to the opposing party and undue delay are the only relevant factors under Fed. R. Civ. P. 15 in the case at bar. See Def.'s Resp. to Mot. Am. 6 (bad faith and futility of amendment are not implicated, except to the extent bad faith can be adduced from plaintiff's delay in filing the PSAC).

"Although delay is not a dispositive factor in the amendment analysis, it is relevant . . . especially when no reason is given for the delay." Lockheed Martin Corp. v. Network Solutions, Inc., 194 F.3d 980, 986 (9th Cir. 1999) (citations omitted). Here, as discussed throughout, plaintiff's motion came over one year after the stipulated date for amending the complaint and several months after the deadline for completing discovery and filing dispositive motions. Further, nothing in the PSAC relies on facts that were unavailable before plaintiff filed his 2013 complaint and, furthermore, plaintiff provided no reasonable explanation for this delay. See, e.g., Irvine v. Potter, 2013 WL 1750473, *3 (D.Or. Apr. 22, 2013) ("'late amendments to assert new theories are not reviewed favorably when the facts and theory have been known to the party seeking amendment since the inception of the cause of action'") (quoting Acri v. Int'l Ass'n of Machinists & Aerospace Workers, 781 F.2d 1393, 1398 (9th Cir. 1986)).

Page 9 - OPINION AND ORDER

Where, as here, delay results in the need to reopen discovery, prejudice to the opposing party is also implicated. See Lockheed, 194 F.3d at 986 (citation omitted); see also Greenfield v. A. W. Airlines, Inc., 2004 WL 2600135, *3 (N.D.Cal. Nov. 16, 2004) ("[i]ndicators of prejudice include a need to reopen discovery") (citation omitted). As plaintiff recognizes, because the proposed claims are temporally and factually distinct, granting his motion "would require modifying the scheduling order, reopening discovery, reopening a number of depositions that already are concluded, performing a number of completely new depositions and interrogatories, conducting additional investigation and research, and would likely involve filing additional motions." Def.'s Resp. to Mot. Am. 5; see also Pl.'s Mot. Am. 1-2. Thus, the aforementioned factors weigh strongly in favor of denying plaintiff's motion.

Finally, contrary to plaintiff's assertion, permitting the proposed amendment will neither avoid "piecemeal litigation [nor] conserv[e] the Court's and the parties' resources by resolving related matters in one proceeding." Pl.'s Mot. Am. 3 (citing Millar v. Bay Area Rapid Transit Dist., 236 F.Supp.2d 1110, 1113 (N.D.Cal. Nov. 15, 2002)). Because the Court previously ruled on defendant's motion for summary judgment and the parties subsequently attempted, albeit unsuccessfully, to judicially mediate this matter, there is nothing left in regard to plaintiff's existing discrimination claim other than to proceed to trial. This, in conjunction with plaintiff's admission that the proposed

Page 10 - OPINION AND ORDER

"amendments relate to different facts that are not at issue in the current pleading," illustrates that the principles of judicial economy and efficiency would not be served by granting plaintiff's motion. Pl.'s Reply to Mot. Am. 2. Indeed, whether the proposed amendments are combined with the underlying lawsuit or brought in a separate action would not affect the substance or extent of the parties' and the Court's respective workloads.

As such, the new claims alleged in the PSAC are not sufficiently related to plaintiff's existing claim so as to outweigh the undue delay and prejudice to defendant. See Millar, 236 F.Supp.2d at 1113 ("general policies of avoiding piecemeal litigation" are to be weighed against, amongst other things, "prejudice to the defendant [and] undue delay"). Accordingly, for this additional reason, plaintiff's motion is denied.

## CONCLUSION

Plaintiff's motion to file a second amended complaint (doc. 44) is DENIED.

IT IS SO ORDERED.
Dated this 11th of December 2013.

_____
Ann Aiken
United States District Judge